UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| David N. Gordon, Jr.<br>  Petitioner,<br><br>v.<br><br>A. T. WALL,<br>  Respondent. | )<br>)<br>)<br>)<br>)   C.A. No. 11-662-M<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

This matter is before the Court on the State of Rhode Island's Motion to Dismiss "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." (ECF No. 3.) For the reasons set forth below, the Motion to Dismiss is GRANTED.

### I.     FACTUAL BACKGROUND

Petitioner, David N. Gordon, Jr., was convicted on December 6, 2002, of first-degree arson, conspiracy, and insurance fraud. The Rhode Island Supreme Court affirmed his conviction on September 1, 2005 and final judgment of conviction was entered on December 1, 2005. *See State v. Gordon*, 880 A.2d 825, 839 (R.I. 2005) (*Gordon I*); (ECF No. 1.) On August 28, 2006, Mr. Gordon filed a post-conviction relief application with the Rhode Island Superior Court, which was denied on February 15, 2008. *Gordon v. State*, 18 A.3d 467, 471 (R.I. 2011) (*Gordon II*); (ECF No. 1.) Final judgment denying the application for post-conviction relief was entered November 24, 2008. *Gordon II*, 18 A.3d at 473. On April 11, 2011, the Rhode Island Supreme Court affirmed the denial of the post-conviction relief application. *Id.* at 476. That denial led Mr. Gordon to file the instant "Petition Under 28 U.S.C. § 2254 Writ of Habeas Corpus" on December 28, 2011. (ECF No. 1.)

Mr. Gordon raised five grounds in his petition. Grounds One, Two, Four, and Five, which are time barred for the reasons set forth below, involve the State's failure to allow Mr. Gordon to wear civilian clothing in court, the State's failure to disclose that Mr. Gordon's co-defendant had been arrested for a probation violation, the State's failure to allow Mr. Gordon to retain counsel, and the State's cross-examination of Mr. Gordon that resulted in self-incrimination, respectively. (ECF No 1.) Ground Three, which is not time barred for the reasons set forth below, involves the State's failure to disclose an agreement it had made with the co-defendant to withdraw its objection to her bail in exchange for her testimony. *Id.*

As to Ground Three, Mr. Gordon claims that on August 7, 2006, while researching his post-conviction relief application, he reviewed the state court docket and learned that prior to his trial the State had withdrawn its objection to Mr. Gordon's co-defendant's release on bail. (*See* ECF No. 4.) Mr. Gordon claims that the withdrawal of the State's objection to the co-defendant's bail was withheld from the cooperation agreement the State provided to him. (*Id.*) In fact, the State acknowledges that it inadvertently omitted that fact from the cooperation agreement provided to the court, but it claims Mr. Gordon was aware that his co-defendant was out on bail. *Gordon II*, 18 A.3d at 472.

## II. ANALYSIS

### A. The Statute of Limitations on Grounds One, Two, Four, and Five

Grounds One, Two, Four, and Five involve the fact that the State forced Mr. Gordon to wear prison clothing in court, failed to disclose his co-defendant's probation violation and subsequent reduction in restitution, denied Mr. Gordon the right to retain counsel, and forced Mr. Gordon to incriminate himself. (ECF No. 1.) Under 28 U.S.C. § 2244(d)(1), the Antiterrorism and Effective Death Penalty Act (AEDPA), Mr. Gordon is time barred from petitioning on Grounds One, Two, Four, and Five because more than one year elapsed from "the date on which

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and the date on which Mr. Gordon filed the writ. *See* 28 U.S.C. § 2244(d)(1)(A). Accounting for the periods when the statute of limitations was tolled, 531 days elapsed between the date the judgment became final, December 1, 2005, and the date Mr. Gordon filed his petition for writ of habeas corpus, December 28, 2011.[1] Therefore, because more than one year elapsed between the date of final judgment and Mr. Gordon's writ, Defendant's motion to dismiss on these four grounds is granted.

B. The Statute of Limitations on Ground Three

Ground Three of the petition involves the State's failure to disclose to Mr. Gordon a deal it made with the co-defendant to withdraw its opposition to her bail in exchange for her testimony. (ECF No. 1.) Mr. Gordon claims that because he did not learn of this deal until August 7, 2006, the statute of limitations should start running on that date, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D); (ECF No. 4.) In order for 28 U.S.C. § 2244(d)(1)(D) to apply and thus to delay the statute of limitations start until the later date, "a habeas petitioner must show that, exercising due diligence, he could not have learned of the evidence in question at a substantially earlier date." *Wood v. Spencer*, 487 F.3d 1, 4 (1st Cir. 2007). Moreover, "[t]he test of due diligence under section 2244(d)(1)(D) is objective, not subjective." *Id.* at 5.

---

[1] On December 1, 2005, Mr. Gordon's judgment of conviction became final. Two hundred seventy days had elapsed on August 28, 2006, when Mr. Gordon filed his post-conviction relief application in Rhode Island Superior Court. His one year to file a federal habeas corpus petition was then tolled. On April 11, 2011, the Rhode Island Supreme Court affirmed the denial of his post-conviction relief application. His one year began to run again. He filed his federal habeas corpus petition on December 28, 2011. Two hundred sixty-one more days had elapsed for a total of 531 days—well beyond the one-year requirement.

3

The Court finds that under the objective standard set forth in *Wood*, Mr. Gordon meets the due diligence threshold under 28 U.S.C. § 2244(d)(1)(D) on Ground Three of his petition. Since the State acknowledges it omitted, however inadvertently, the withdrawal of the bail objection from the cooperation agreement, Mr. Gordon, who had been incarcerated since his trial, had no contact with the co-defendant, had no reason to think that the cooperation agreement was incomplete, and could not have been expected to learn of this new information at a substantially earlier date than he did. *See Rivera v. Nolan*, 538 F. Supp. 2d 429, 433-34 (D. Mass 2008). Because Mr. Gordon learned of the factual predicate for this claim on August 7, 2006, and accounting for the periods when the statute of limitations was tolled, two hundred eighty-two days have elapsed between that date and the December 28, 2011 filing of his Petition Under 28 U.S.C. § 2254 Writ of Habeas Corpus. Therefore, Mr. Gordon filed within the one year statute of limitations and is not time barred on Ground Three.

C. <u>Motion to Dismiss Ground 3 of Petition for Writ of Habeas Corpus</u>

In Ground Three of his petition, Mr. Gordon claims a *Brady v. Maryland*, 373 U.S. 83 (1963) violation based on the State's failure to disclose the agreement it made with his co-defendant to withdraw its objection to her bail in exchange for her testimony. (ECF No. 1.) Mr. Gordon claims that this omission prevented him from presenting his "fullest and best defense." (ECF No. 1.) Mr. Gordon rests his argument on the fact that he was not able to impeach the witness using this information that his co-defendant had made a deal with the State for release on bail in exchange for her testimony. (ECF No. 1.)

The Court finds this argument unpersuasive. As an initial matter, the Court observes that Mr. Gordon does not allege that the inducement of bail resulted in untruthful testimony; he rests his argument solely on the inability to impeach his co-defendant. However, upon his post-conviction relief application to the Rhode Island Supreme Court, that court found that Mr.

4

Gordon "was provided with the detailed cooperation agreement between [Mr. Gordon's co-defendant] and the [S]tate, which he was able to present at trial and use to impeach [his co-defendant]." *Gordon II*, 18 A.3d at 475. The court also explained that "[a]lthough the agreement failed to address the [S]tate's withdrawal of its objection to [Mr. Gordon's co-defendant's] bail," the court did not believe that that omission "'would have produced a reasonable doubt in the minds of enough jurors to avoid a conviction.'" *Gordon II*, 18 A.3d at 475 (quoting *State v. McManus*, 941 A.2d 222, 230 (R.I. 2008)).

Based on the facts and evidence before the state court and the law applicable to this petition, the Court finds that the Rhode Island Supreme Court's ruling on this ground did not result in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law" or "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Therefore, Mr. Gordon's petition as to Ground Three is dismissed.

### III. CONCLUSION

The Court finds that Grounds One, Two, Four, and Five of Mr. Gordon's Petition for Writ of Habeas Corpus are dismissed as time barred under 28 U.S.C. § 2254(d)(1)(A). The Court finds that Ground Three of the Petition is not time barred under 28 U.S.C § 2254(d)(1)(D), but is nevertheless dismissed as the Rhode Island Supreme Court's ruling was neither contrary to, nor did it involve "an unreasonable application of, clearly established Federal law" or "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2544(d). The petition is therefore DISMISSED in its entirety.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge
February 24, 2012